# INDEPENDENT FIRE INSURANCE CO. a/s/o ROBIN RAGSDALE v McLAUGHLIN

## Case No. 90-17995 SP 05

County Court, Dade County

April 19, 1991

### APPEARANCES OF COUNSEL

**Ralph W. Symons, Esquire,** for plaintiff.

**Cindy McLaughlin,** pro se.

## OPINION OF THE COURT

HARVEY L. GOLDSTEIN, County Judge.

Plaintiff's Motion for Rehearing is denied based on the following findings of fact and conclusions of law:

1. The Defendant, Cindy McLaughlin, resides in Vero Beach, Indian River County, Florida.

2. The accident occurred and the cause of action accrued in Indian River County.

3. The Plaintiff insurance company is located in Jacksonville, Florida and the auto property damage claim was processed in Jacksonville.

4. The insured, Robin Ragsdale, resides in Indian River County.

5. This law suit has no connection to Dade County except the Plaintiff assigned its claim to the law firm of Ralph W. Symons, P.A. for collection.

6. Florida Statute § 47.011 which covers venue is very clear and mandatory. It states "Actions *shall* be brought *only* in the county where the defendant resides, where the cause of action accrued. . ." (emphasis added)

7. The Plaintiff's Complaint, return of service and response to the Court's oral inquiry affirmatively show that venue is lacking in Dade County.

8. It is axiomatic law that statutes must be construed strictly.

9. Although the Defendant has the burden of pleading and proving that the venue is improper, it would be improper for this Court to ignore the clear mandate of Florida Statute § 47.011 under the facts in this case. See *Davis v Dempsey,* 343 SO.2d 950 (3 DCA 1977).

10. A Court should not enter a final judgment after a default where the Judgment will result from a violation of Florida statutory law.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 19th day of April, 1991.